IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

MATTHEW DAY,                          *

    Plaintiff,                        *

v.                                    *         Civil Case No. 17–02638–JMC

JULIAN STEVENS, III, *et al*,         *

    Defendants.                       *

    *    *    *    *    *    *    *    *    *    *    *    *    *    *

## <u>MEMORANDUM OPINION</u>

This suit arises out of a motor vehicle accident involving Plaintiff Matthew Day and Defendants Julian Stevens, III and TAK Trucking ("Defendant" or "TAK"), (collectively, "Defendants"). The parties consented to proceed before a magistrate judge pursuant to 28 U.S.C. § 636(c) and Local Rule 301.4. (ECF Nos. 20, 23). Now pending before the Court is Defendant TAK's Motion to Dismiss or, in the Alternative, Motion for Summary Judgment as to Counts III and IV of the Complaint. (ECF No. 26). In considering that Motion, the Court has also reviewed Plaintiff's Response in Opposition and Defendant's Reply. (ECF Nos. 31, 34). The Court finds that no hearing is necessary. (ECF No. 32); *see* Loc. R. 105.6 (D. Md. 2016). For the reasons that follow, Defendant TAK's Motion will be GRANTED.

## I. BACKGROUND

On October 16, 2014, Plaintiff Matthew Day was driving a vehicle eastbound on Interstate 70 in Howard County, Maryland. (ECF No. 2, Compl. at 2). Mr. Day alleges that Defendant Julian Stevens, III, who was driving a tractor-trailer behind Mr. Day, was unable to timely stop and rear-ended Mr. Day's vehicle. *Id.* Mr. Day further alleges that, as a result of the collision, he sustained physical injury. *Id.* Mr. Day filed suit against Mr. Stevens and TAK

Trucking, alleging negligence against Mr. Stevens and vicarious liability, negligent entrustment, and negligent hiring, training, and supervision against TAK Trucking. *Id.* at 5. TAK Trucking now moves to dismiss the claims for negligent entrustment and negligent hiring, training, and supervision. (ECF No. 26).

## II. STANDARD OF REVIEW

The purpose of Federal Rule of Civil Procedure 12(b)(6) "is to test the sufficiency of a complaint and not to resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006) (quoting *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999)) (internal quotations omitted). To survive a Rule 12(b)(6) motion to dismiss, "detailed factual allegations are not required, but a plaintiff must provide the grounds of his entitlement to relief," which does require "more than labels and conclusions, or a formulaic recitation of the elements of a cause of action." *Petry v. Wells Fargo Bank, N.A.*, 597 F.Supp.2d 558, 561–62 (D. Md. 2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007)) (internal quotations omitted). In considering a motion to dismiss, "the Court must accept the complaint's allegations as true, and must liberally construe the complaint as a whole." *Humphrey v. National Flood Ins. Program*, 885 F.Supp. 133, 136 (D. Md. 1995) (internal citations omitted). The Court must also construe the facts and reasonable inferences from the facts in the light most favorable to the plaintiff. *Ibarra v. United States*, 120 F.3d 472, 474 (4th Cir. 1997); *see also Petry*, 597 F.Supp.2d at 562 ("Once a claim has been stated adequately . . . it may be supported by showing any set of facts consistent with the allegations in the complaint.") (quoting *Twombly*, 550 U.S. at 546).

If the motion to dismiss "is supported by matters outside the pleading which the Court does not exclude, the motion shall be treated as one for summary judgment" pursuant to Federal

Rule of Civil Procedure 56. *Humphrey*, 885 F.Supp at 136. Rule 56(a) requires the Court to "grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The moving party bears the burden "to demonstrate the absence of any genuine dispute of material fact." *Jones v. Hoffberger Moving Servs. LLC*, 92 F.Supp.3d 405, 409 (D. Md. 2015) (internal citations omitted). A dispute as to a material fact "is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *J.E. Dunn Const. Co. v. S.R.P. Dev. Ltd. P'ship*, 115 F.Supp.35 593, 600 (D. Md. 2015) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

A nonmoving party "opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.'" *Bouchat v. Baltimore Ravens Football Club, Inc.*, 346 F.3d 514, 522 (4th Cir. 2003). The court is "required to view the facts and draw reasonable inferences in the light most favorable to" the nonmoving party, *Iko v. Shreve*, 535 F.3d 225, 230 (4th Cir. 2008) (citing *Scott v. Harris*, 550 U.S. 372, 377 (2007)), but must also "abide by the 'affirmative obligation of the trial judge to prevent factually unsupported claims and defenses from proceeding to trial.'" *Heckman v. Ryder Truck Rental, Inc.*, 962 F.Supp.2d 792, 799–800 (D. Md. 2013) (quoting *Drewitt v. Pratt*, 999 F.2d 774, 778–79 (4th Cir. 1993)).

In this case, the parties have submitted matters outside the pleadings. As explained below, however, this Court did not consider any outside exhibits and, thus, Defendant TAK's Motion will not be converted to one for summary judgment. *See Petry*, 597 F.Supp.2d at 562.

## III.  DISCUSSION

### A.  Count III: Negligent Entrustment

In its Motion to Dismiss or, in the Alternative, Motion for Summary Judgment, Defendant TAK argues that because (i) Plaintiff's Complaint contains no factual allegations, other than the occurrence of the collision itself, to support his claims; and (ii) Defendant TAK has already admitted agency, or that Defendant Stevens was in the scope of his employment at the time of the collision, it is entitled to dismissal of Plaintiff's Count III for negligent entrustment.

The Maryland Court of Appeals has adopted the doctrine of negligent entrustment as enunciated in the Restatement (Second) of Torts:

> One who supplies directly or through a third person a chattel for the use of another whom the supplier knows or has reason to know to be likely because of his youth, inexperience, or otherwise, to use it in a manner involving unreasonable risk of physical harm to himself and others whom the supplier should expect to share in or be endangered by its use, is subject to liability for physical harm resulting to them.

*Curley v. General Valet Service, Inc.*, 270 Md. 248, 255 (1973) (quoting Restatement (Second) of Torts § 390 (1965)).  Under the doctrine, "an employer owes a duty of reasonable care to select fit employees who will not cause an unreasonable risk of harm to others."  *Warr v. JMGM Group, LLC*, 433 Md. 170, 225 (2013).  "The most common example of negligent entrustment occurs when the owner of an automobile loans a car to a third person who the owner knows, or should know, was likely to use the car in a manner involving an unreasonable risk of physical harm to others."  *Id.* (citing Restatement (Second) of Torts § 390 (1965)).  The elements of the tort, as explained by the Maryland Court of Special Appeals, are "(1) [t]he making available to another a chattel which the supplier (2) knows or should have known the user is likely to use in a

manner involving risk of physical harm to others (3) the supplier should expect to be endangered by its use." *McGuiness v. Brink's Inc.*, 60 F.Supp.2d 496, 500 (D. Md. 1999).

### i. Factual Argument

The Supreme Court's holdings in *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662, enunciated the pleading standard that plaintiffs must meet in order to proceed past the motion to dismiss stage. In general, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). This rule for pleading "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *McCleary-Evans v. Maryland Dept. of Transp., State Highway Admin.*, 780 F.3d 582, 585 (4th Cir. 2015) (citing *Twombly*, 550 U.S. at 555). A complaint cannot be mere "threadbare recitals of a cause of action's elements supported by mere conclusory statements," *Tobey v. Jones*, 706 F.3d 379, 387 (4th Cir. 2013) (quoting *Twombly*, 550 U.S. at 556), and instead must contain factual "sufficient to raise a right to relief above the speculative level," *Woods v. City of Greensboro*, 855 F.3d 639, 647 (4th Cir. 2017) (citing *Twombly*, 550 U.S. at 570). In order to satisfy *Twombly* and *Iqbal*, the plaintiff need not plead facts sufficient to establish a prima facie case, but is "required to allege facts to satisfy the elements of" the cause of action he chooses to bring. *Id.* at 648 (citing *McCleary-Evans*, at 780 F.3d at 585).

Thus, Plaintiff here is required to allege facts that satisfy each of the elements of the tort of negligent entrustment. Instead, Plaintiff's Complaint contains the very kind of "conclusory allegations" and "threadbare recitals" of the cause of action's elements that *Iqbal* and *Twombly* describe as insufficient. Plaintiff makes allegations such as "Defendant TAK breached its duty by choosing not to investigate the people they were hiring as drivers to ensure they were safe,

qualified drivers," but offers no support for such allegations. (ECF No. 2 at ¶ 30). Apart from the facts regarding the collision with Defendant Stevens, Plaintiff's Complaint contains no actual "facts" that would provide even a basis for its negligent entrustment claim against Defendant TAK. *See, e.g., Economides v. Gay*, 155 F.Supp.2d 485, 489 (D. Md. 2001) (granting dismissal of a claim for negligent hiring, supervision, and training when the plaintiffs "fail to allege a specific instance illustrating that [the employer] failed to use reasonable care in employing this particular employee."). Plaintiff fails to meet the *Twombly* and *Iqbal* standard.

Despite the insufficiency of Plaintiff's Complaint apparent at first blush, the Court is mindful of the concerns and caution expressed by other courts following the Supreme Court's explanation of the pleading standard in *Twombly* and *Iqbal*. Judge Wynn has explained that although the Supreme Court "quite clearly aimed to curb the rising costs of discovery born by defendants facing meritless lawsuits and to quell the tide of 'extortionate litigation in this country," courts should remain cognizant that "if we are to consider litigation costs in the application of federal pleading standards, we must take care not to ignore the costs borne by plaintiffs and society as a whole when meritorious . . . lawsuits are prematurely dismissed." *McCleary-Evans*, 780 F.3d at 591 (Wynn, J., dissenting in part) (internal citations and quotations omitted). In some instances, "[i]t is simply unrealistic to expect" the plaintiff to be able "to allege such facts without the benefit of at least some limited discovery." *Id.* at 592. Nonetheless, the Court is comfortable in its conclusion here that Plaintiff's allegations as to Count III are insufficient to withstand dismissal.

Though the Court need not consider matters beyond the pleadings in reaching its conclusion that Count III is insufficient, it is noteworthy that discovery in this case did not reveal any facts that would support Plaintiff's negligent entrustment claim. In fact, Plaintiff's answers

to interrogatories particularly aimed at discovering the specific information supporting the negligent entrustment case merely pointed Defendant back to the conclusory allegations that Plaintiff first offered in his Complaint. Even though the parties are now through discovery, Defendant still has not been provided notice as to the factual basis for Plaintiff's negligent entrustment claim. On this criterion alone, dismissal of Plaintiff's negligent entrustment claim is appropriate. Thus, even under a summary judgment standard, Count III cannot stand.

### ii. Legal Argument

In addition to the complete lack of factual support for Plaintiff's negligent entrustment claim, there is an independent basis to grant dismissal stemming from the differences between the doctrines of vicarious liability and negligent entrustment. In its Motion to Dismiss, Defendant TAK argues that Plaintiff cannot proceed on a vicarious liability claim *and* a negligent entrustment claim after Defendant TAK has admitted agency, or, in other words, that Mr. Stevens was driving the tractor trailer within his scope of employment when the accident with Mr. Day occurred. Defendant relies heavily on the Maryland Court of Appeal's decision in *Houlihan v. McCall*, 197 Md. 130 (1951), and this Court's decision in *Villalta v. B.K. Trucking & Warehousing, L.L.C.*, Civ. No. DKC–2007–1184, 2008 WL 11366412 (D. Md. Aug. 4, 2008), to make such argument.

In *Houlihan*, the Court of Appeals held that the trial court erred in allowing into evidence the individual defendant's driving record when the plaintiffs were alleging (1) negligence on the part of the individual defendant driver and (2) negligence on the part of the employer in "selection or retaining a driver known to be incompetent and reckless." 197 Md. at 137. The Court found that, because the defendants admitted agency, "it was quite unnecessary [for the plaintiffs] to pursue the alternative theory in order to hold the corporate defendant [liable]," and

that, in order to hold the corporate defendant liable, the plaintiffs merely needed "to prove negligence on the part of the driver." *Id.* at 137–38. The Court cited the evidentiary complication of allowing both vicarious liability and negligent entrustment claims to proceed, reasoning that "[w]here a driver's known incompetence is in issue, the exclusionary rule must yield, no doubt, to the necessity of permitting proof of previous misconduct," such as a defendant's past traffic offenses, but "where agency is admitted it can serve no purpose except to inflame the jury." *Id.* at 140.

In *Villalta*, a decision of this Court, Judge Chasanow was more direct. Civ. No. DKC–2007–1184, 2008 WL 11366412 (D. Md. Aug. 4, 2008). She explained, "[u]nder Maryland law, a plaintiff seeking only compensatory damages cannot bring a negligent entrustment claim against an owner of a vehicle, where the owner has admitted that the driver of the vehicle was his agent or employee." *Id.* at *5 (citing *Houlihan*, 197 Md. at 137–38). Judge Chasanow further noted that the Court of Appeals "found it would be both unnecessary and improper to allow the plaintiff to proceed against the owner under both negligent entrustment and agency theories" because it would "allow the introduction of prejudicial evidence of the driver's past traffic offenses." *Id.*

Defendant argues that this case law necessitates dismissal of Plaintiff's claim for negligent entrustment because Defendant has admitted agency, just as the defendant admitted agency in *Houlihan*, and seeks only compensatory damages. In response, Plaintiff first argues that Defendant ignores factual distinctions between *Houlihan* and its case, asserting that the driver's negligence was no longer an issue by the time of trial in *Houlihan*. (ECF No. 31 at 3). Plaintiff further asserts that the Court of Appeals "explicitly states that the primary concern with the continuation of the negligent hiring, training, supervision, and retention claims was that they

would necessitate the introduction of evidence 'to prove negligence on the part of the driver', proof of which was unnecessary <u>as it was no longer an issue remaining in the case</u>." *Id.* (emphasis in original).

Plaintiff misreads *Houlihan*. The Court of Appeals makes clear that negligence of the driver *was* at issue in the trial of the case, although the employer had accepted vicarious liability for any negligence that was ultimately established against the driver. Under such circumstances, the Court of Appeals noted: "[W]hen agency had been admitted [by the employer] it was quite unnecessary to pursue [negligent entrustment against the employer] in order to hold the corporate defendant. It was only necessary to prove negligence on the part of the driver." *Houlihan*, 197 Md. at 137–38. Citing its decision in *Nesbit v. Cumberland Contracting Co.*, 196 Md. 36 (1950), the *Houlihan* Court explained its prior holding: "we held that it was prejudicial error to permit cross-examination of the plaintiff operator as to previous convictions for traffic offenses, because of the danger that the jury might draw the inadmissible inference that because the plaintiff had been negligent on other occasions he was negligent at the time of the accident. The same danger was present in the instant case [of *Houlihan*]." *Id.* at 138. Stated another way, because the corporate defendant had already conceded that it was vicariously liable (and therefore available to satisfy any verdict against the driver), the negligent entrustment claim not only became superfluous, but created a pathway for the potential introduction of unfairly prejudicial evidence against the driver in deciding the issue of his negligence.

The Plaintiff's reading of Houlihan is likewise at odds with other courts who characterize *Houlihan* as the Maryland Court of Appeal's adoption of the "majority view" that "negligent entrustment imposes no additional liability on an employer and therefore the desirability of allowing a plaintiff to proceed with the claim is outweighed by the prejudice to the defendant

inherent in allowing the claim." *Poplin v. Bestway Express*, 286 F.Supp.2d 1316, 1319 (M.D. Ala. 2003); *see also Ferrer v. Okbamicael*, 390 P.3d 836, 843 (Colo. 2017) (describing Maryland's adoption of the "majority view" that "once an employer admits respondeat superior liability for a driver's negligence, it is improper to allow a plaintiff to proceed against the employer on other theories of imputed liability.").[1]

In fact, the Colorado Supreme Court credits the Maryland Court of Appeals with "first articulat[ing] this rule" that "a plaintiff cannot maintain direct negligence claims against an employer once the employer acknowledges respondeat superior liability for its employee's alleged negligence" in *Houlihan*.[2] *Ferrer.* 390 P.3d at 842. The Colorado Supreme Court also cited *Houlihan* to support its proposition that "evidence necessary to prove direct negligence claims is likely to be unfairly prejudicial to the employee." *Id.* at 845. The District Court for the District of Columbia explained the *Houlihan* holding in the same fashion: "the [Maryland Court of Appeals] observed that as agency had been admitted, it was necessary only to prove negligence on the part of the driver, and it was quite unnecessary to pursue the alternative theory of negligent entrustment, in order to hold the corporate defendants liable." *Hackett v. Washington Metropolitan Area Transit Authority*, 736 F.Supp. 8, 9 (D.D.C. 1990).[3] In this

---

[1] To be sure, other courts have come to the opposite conclusion, as Plaintiff points out. (ECF No. 31 at 4). However, whether Maryland wishes to change its traditional view and join this group should be a decision left to the Court of Appeals, not this Court. *See Ruark v. BMW of North America, LLC*, Civ. No. ELH–09–2738, 2014 WL 1668917, at *1 (D. Md. Apr. 24, 2014) ("I must apply the law of Maryland as it has been interpreted by the Maryland Court of Appeals, without regard to my own views about the wisdom or accuracy of that court's interpretations.").

[2] The Colorado Supreme Court also points out that Maryland is among a group of state supreme courts, including California, Missouri, Arkansas, Idaho, and Wyoming, that follows this rule. *Id.* at 843 n.7.

[3] The District Court for the District of Columbia referenced "[o]ther jurisdictions which have addressed the issue [and held] similarly," including the Court of Appeals for the Eighth Circuit and the District Court for the Northern District of Mississippi. *See Breeding v. Massey*, 378 F.2d 171 (8th Cir. 1967); *Hood v. Dealers Transport Co.*, 459 F.Supp 684 (N.D. Miss. 1978); *Elrod v. G & R Constr. Co.*, 275 Ark. 151 (1982); *Tittle v. Johnson*, 124 Ga. App. 706 (1971); *Plummer v. Henry*, 7 N.C. App. 84 (1969). These courts "persuasively support [the] contention that a plaintiff may not proceed against the owner of a motor vehicle under a theory of negligent hiring or retention where the owner admits that the driver was operating the vehicle within the scope of his employment." *Hackett*, 736 F.Supp. at 10.

Court's view, the Maryland Court of Appeals' decision in *Houlihan* clearly supports Defendant's contention that Plaintiff cannot proceed with its negligent entrustment claim once vicarious liability has been admitted.

### B. Count IV: Negligent Hiring, Training, and Supervision

In his Opposition to Defendant TAK's Motion, Plaintiff withdrew his claim for negligent hiring, training, and supervision. (ECF No. 31 at 6). Thus, Count IV of Plaintiff's Complaint is also dismissed and the Court need not address it.

## IV. CONCLUSION

For the foregoing reasons, Defendant TAK's Motion to Dismiss Counts III and IV of the Complaint (ECF No. 26) is GRANTED. A separate Order shall follow.

Dated: May 3, 2018 _____/s/_____
J. Mark Coulson
United States Magistrate Judge